NIPPON ELECTRIC GLASS CO., LTD., Plaintiff,

v.

Edward E. SHELDON, Defendant.

No. 79 Civ. 2525 (RLC).

United States District Court, S. D. New York.

April 28, 1980.

Hopgood, Calimafde, Kalil, Blaustein & Lieberman, New York City, by John M. Calimafde, and William L. Botjer, New York City, for plaintiff.

Arthur T. Fattibene, New York City, for defendant.

## OPINION

ROBERT L. CARTER, District Judge.

Plaintiff Nippon Electric Glass ("NEG") is a Japanese corporation that manufactures glass "envelopes" in Japan for eventual use in color television picture tubes. NEG sells its glass envelopes in Japan to manufacturers of color television sets who place electronic components and phosphorescent coating into the glass envelopes to complete the picture tubes, which then are incorporated in color television sets.

Defendant Edward E. Sheldon, a New York resident, owns patents for vacuum and cathode tubes "of television type for X-ray protection."[1] In August 1978, Sheldon's attorney sent to Sony Corporation of America ("Sony") and Matsushita Electric Corporation of America ("Panasonic") letters stating that these corporations "need" licenses under Sheldon's patent for the color television tubes and receivers containing such tubes which they sell in the United States.

Sony and Panasonic responded that they did not manufacture the products covered by Sheldon's patents but bought them from

---

1. The novelty of Sheldon's patents allegedly resides in the glass composition of the face of the envelope, which is capable of absorbing X-radiation.

NEG and a second supplier in Japan to whom defendant's letters had been referred. Apparently NEG entered an agreement with both Sony and Panasonic to indemnify them for any liability for infringement of the subject patents.

NEG then instituted this declaratory judgment action seeking a declaration that Sheldon's patents are invalid and that plaintiff's customers are not infringing them, as well as an injunction restraining defendant from threatening or prosecuting infringement actions against plaintiff or its customers based on these patents.

Defendant has moved to dismiss the complaint for lack of an actual case or controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201 ("Act")[2]. Defendant argues that plaintiff's activities, confined to the manufacture and sale of glass "raw materials" in Japan, lack a sufficiently close nexus with United States commerce to support an actual controversy here. Defendant points to the complaint's failure: (1) to allege that plaintiff exports any product to this country that might be subject to a charge of patent infringement; (2) to claim that defendant has charged plaintiff with infringement; or (3) to assert that Sony and Panasonic are NEG's customers in the United States. Therefore, defendant argues, the complaint does not meet the test of a justiciable controversy in a patent suit, i. e., that plaintiff have a reasonable apprehension of liability for damages by virtue of its own activities or those of its customers. Finally, defendant contends that because NEG's conduct in Japan is beyond the reach of our patent laws and, therefore, defendant could not sue NEG for patent infringement, the doctrine of "comity" should preclude jurisdiction over this suit. For the reasons discussed below, defendant's motion is denied.

While it is well-settled that the Declaratory Judgment Act permits the federal courts to entertain only actual, concrete controversies, and not hypothetical questions, the distinction is one of degree to be determined on a case by case basis. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–41, 57 S.Ct. 461, 463–64, 81 L.Ed. 617 (1937); *Wembley, Inc. v. Superba Cravats, Inc.*, 315 F.2d 87, 89 (2d Cir. 1963); *Blessings Corp. v. Altman*, 373 F.Supp. 802, 805 (S.D.N.Y.1974) (Bauman, J.). Because the Act has the salutary effect of preventing patentees from threatening alleged infringers with lawsuits without risking a test of the patent's validity, this circuit has construed the "actual controversy" requirement of the Act liberally. *Wembley, Inc. v. Superba Cravats, Inc., supra*, 315 F.2d at 89; *Blessings Corp. v. Altman, supra*, 373 F.Supp. at 805.

Although some authorities indicate that a charge of infringement is a prerequisite to a finding of actual controversy, e. g., *Aralac, Inc. v. Hat Corp. of America*, 166 F.2d 286, 292 (3d Cir. 1948), the terms "charge of infringement" and "actual controversy" have been given an expansive interpretation by the courts. *W. R. Grace & Co. v. Union Carbide Corp.*, 319 F.Supp. 307, 310 (S.D.N.Y.1970) (Tenney, J.); *Blessings Corp. v. Altman, supra*, 373 F.Supp. at 805.

In the instant case, the parties agree that the letters of defendant's counsel to plaintiff's customers constituted allegations of direct infringement by them of defendant's patents. Defendant claims, however, that plaintiff may not sue for declaratory relief as long as defendant has not charged plaintiff itself with contributory infringement. This is erroneous. The accusation need not be made directly to the declaratory judgment plaintiff, but may be made to its customers or to the industry at large. *Aralac, Inc. v. Hat Corp. of America, supra*, 166 F.2d at 292; *W. R. Grace &*

---

**2.** 28 U.S.C. § 2201 provides in pertinent part: In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

*Co. v. Union Carbide Corp., supra,* 319 F.Supp. at 310. When a patent holder complains that a manufacturer's customers are guilty of direct infringement due to their use or sale of plaintiff's products, the patent holder is impliedly charging the manufacturer with contributory infringement as well. *Walker Process Equipment, Inc. v. FMC Corp.,* 356 F.2d 449, 452–53 (7th Cir. 1966) (Swygert, J., dissenting); *National Coupling Co. v. Press-Seal Gasket Corp.,* 323 F.2d 629, 630, 632 (7th Cir. 1963); *Japan Gas Lighter Association v. Ronson Corp.,* 257 F.Supp. 219, 237 (D.N.J.1966). As defendant himself points out, the modern test for the existence of an actual controversy in a patent case has been stated to be whether plaintiff has a reasonable apprehension of an infringement suit or threat of one to itself and its customers if plaintiff continues the activity in question. *Japan Gas Lighter Association v. Ronson Corp., supra,* 257 F. Supp. at 237. Once defendant accused Sony and Panasonic of direct infringement due to their use of plaintiff's product, plaintiff had reason to fear that it could be sued as a contributory infringer. It, therefore, was entitled to seek declaratory relief, *Sticker Industrial Supply Corp. v. Blaw-Knox Co.,* 367 F.2d 744, 747 (7th Cir. 1966), even though defendant has not yet directly charged plaintiff with contributory infringement. Were this not so, a patentee would be able to avoid suit by an injured manufacturer merely by not threatening him directly with infringement, while threatening his customers with suits. This result would frustrate the remedial purposes of the Act. *Id.* at 746.

Moreover, plaintiff has entered agreements with Sony and Panasonic to indemnify them against any liability they may incur due to the subject patents. This circuit has previously held that such an agreement between a manufacturer and its licensee-customer creates an actual controversy such that the manufacturer may seek a declaratory judgment of the patent's invalidity even when the indemnitor is not chargeable as a contributory infringer. *Joseph Bancroft & Sons Co. v. Spunize Co. of America,* 268 F.2d 522, 523 (2d Cir. 1959); *see Wallace & Tiernan v. General Electric Co.,* 291 F.Supp. 217, 222 (S.D.N.Y.1968) (Frankel, J.). The argument for existence of an actual controversy is even stronger in the instant case, for plaintiff *is* chargeable as a contributory infringer under 35 U.S.C. § 271(b), (c).

Defendant's contention that plaintiff cannot be liable for contributory infringement because of the remoteness of NEG's activities from United States commerce lacks merit. Unlike direct infringement, which must take place within the United States, 35 U.S.C. § 271(a), contributory infringement under 35 U.S.C. § 271(b) or (c), does not require any activity by the contributory infringer in this country, as long as the direct infringement occurs here.[3] *Honeywell, Inc. v. Metz Apparatewerke,* 509 F.2d 1137, 1141 (7th Cir. 1975); *I. C. E. Corp. v. Armco Steel Corp.,* 201 F.Supp. 411, 413 (S.D.N.Y.1961) (Metzner, J.); *see Marston v. L. E. Gant,* 351 F.Supp. 1122, 1124 (E.D.Va.1972). The cases upon which defendant relies in arguing that United States activity is required for liability as a contributory infringer are irrelevant to the issue at bar. *Marston v. L. E. Gant, supra,* 351 F.Supp. at 1123, turned on the lack of *personal* jurisdiction over a Japanese manufacturer whose commercial activities were limited to Japan. Nothing in that case implies that the court lacked *subject matter* jurisdiction. To the contrary, the

---

**3.** 35 U.S.C. § 271 provides in pertinent part:

(a) Except as otherwise provided in this title, whoever without authority makes, uses or sells any patented invention, within the United States during the term of the patent therefor, infringes the patent.

(b) Whoever actively induces infringement of a patent shall be liable as an infringer.

(c) Whoever sells a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

court indicated, *id.* at 1124, 1126, that if sufficient contacts with Virginia were made out to support personal jurisdiction, it was immaterial that the defendant's activities occurred solely in Japan. *Japan Gas Lighter Association v. Rowenta-Werke GmbH,* 193 USPQ 174 (D.D.C.1976), dealt with the peculiar standing problems of a trade association attempting to assert the interests of its members via a declaratory judgment action for patent invalidity—an issue not raised here.

 Once it is recognized that plaintiff has been subjected to or threatened with a claim of contributory infringement, or that plaintiff has a reasonable basis for fearing that it will be subjected to such a charge, it clearly may seek a declaration of the patent's invalidity and noninfringement by itself and its customers. *Blackman v. Hadron, Inc.,* 450 F.2d 781, 782 (2d Cir. 1971); *Uniform Product Code Council v. Kaslow,* 460 F.Supp. 900, 903 (S.D.N.Y.1978)(Conner, J.); *I. C. E. Corp. v. Armco Steel Corp., supra,* 201 F.Supp. at 413.

■ Finally, defendant asserts the somewhat puzzling claim that it should not be subject to this declaratory judgment suit because the territorial limitations of the United States patent laws would prevent it from suing plaintiff for contributory infringement and from enforcing a successful judgment against plaintiff in this suit. To repeat, defendant could indeed sue plaintiff as a contributory infringer, despite the fact that its activities occur wholly in Japan, as long as there is direct infringement here. *Honeywell, Inc. v. Metz Apparatewerke, supra,* 509 F.2d at 1141. Personal jurisdiction, of course, is no problem in the instant case, for this alien plaintiff has instituted the action. If defendant chose to counterclaim in this suit for contributory infringement and succeeded, then obviously plaintiff would be bound by such judgment, and the judgment would be enforceable, although defendant might have to implead Sony and Panasonic as defendants to such a counterclaim to secure complete relief. *See Uniform Product Code Council v. Kaslow, supra,* 460 F.Supp. at 904. Plaintiff's activi-

ties vis-a-vis its customers who sell television sets in other countries is of no concern to this court or to defendant, as he does not assert ownership of foreign patents.

For the reasons discussed above, plaintiff has asserted an actual controversy against defendant. The motion to dismiss is therefore denied.

IT IS SO ORDERED.