**GOR–VUE CORPORATION, et al, Plaintiffs,**

v.

**HORNELL ELEKTROOPTIK AB, et al., Defendants.**

No. C84–2805.

United States District Court, N.D. Ohio, E.D.

Jan. 9, 1986.

**536**

Christopher B. Fagan, Fay, Sharpe, Fagan, Minnich & McKee, Cleveland, Ohio, for plaintiffs.

Richard J. McGrath, Morgan, Finnegan, Pine, Foley & Lee, New York City, Don W. Bulson, Maky, Renner, Otto & Boiselle, Cleveland, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

This lawsuit grows out of an alleged patent infringement. The product involved is a specially designed welding helmet and eye piece control. Plaintiff Gor-Vue Corporation, an Ohio corporation, holds an exclusive license to the patent involved. Plaintiff Mack Gordon, an Ohio resident, holds all right and title to and interest in this patent.

On November 2, 1984, the defendants, a Swedish corporation and its Swedish owner ("Hornell"), moved the Court to dismiss the complaint in this case, pursuant to Fed.R. Civ.P. 12(b)(2), for lack of *in personam* jurisdiction over the defendants. On July 25, 1985, plaintiffs responded with a Brief in Opposition with Exhibits. On August 28, 1985, defendants again filed with the Court, this time a Reply Brief in Support of Defendants' Motion to Dismiss Pursuant to Rule 12(b)(2), Fed.R.Civ.P. Plaintiffs countered with a Motion for Leave to File Responsive Brief, which plaintiffs filed with an accompanying Responsive Brief on October 9, 1985. Yet a final brief on the matter of *in personam* jurisdiction was filed by defendants on October 29, 1985, which was captioned Defendants' Opposition to Plaintiffs' Responsive Brief in re Defendants' Motion to Dismiss.[1]

The Court agrees with the statement which the defendants made in their last filing on this matter: "Clearly, the briefing of this Motion to Dismiss has got to end at some point." *Id.* at 2. Upon due consideration of the numerous briefs and arguments submitted to the Court on the matter of *in personam* jurisdiction, the Court hereby denies defendants' Motion to Dismiss for lack of *in personam* jurisdiction under Fed.R.Civ.P. 12(b)(2).

### I.

Although patent infringement cases are grounded in federal law and are thus candidates for federal statutes governing jurisdiction, Congress has chosen not to give the federal courts general direction in this area. As a result, the federal courts look to the law of the state in which the district is located to determine whether jurisdiction may be asserted over an out-of-state defendant. *Graham Engineering Corp. v. Kemp Products Ltd.*, 418 F.Supp. 915, 919–20 (N.D. Ohio 1976). Although an inquiry into *in personam* jurisdiction of a foreign corporation based on national contacts with the United States as a whole, such as that outlined by the Court in *Edward J. Moriarty & Co. v. General*

---

1. This last pleading of the defendants, in addition to briefing the substantive issues of *in personam* jurisdiction, also constituted an objection to plaintiffs' Motion for Leave to File Responsive Brief. Because the defendants have already effectively responded to plaintiffs' Responsive Brief with a brief of their own, the Court hereby grants plaintiffs' Motion for Leave to File Responsive Brief. Thus, all pleadings indicated in the text above were considered by the Court in issuing this Order. Because of the extensive briefing by both parties on the issue of *in personam* jurisdiction, the Court does not feel that an oral argument on this matter is necessary, as defendants requested in their original Motion to Dismiss.

*Tire & Rubber Co.,* 289 F.Supp. 381, 389–90 (S.D. Ohio 1967), might be desirable to a plaintiff seeking a convenient forum, the Court's inquiry must be limited under current law to contacts with the forum state, Ohio.

■ The Court is directed under Fed.R. Civ.P. 4(e) to look to Ohio statutes for the appropriate provisions which outline *in personam* jurisdiction. Rule 4(e) in relevant part provides:

> Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, ... service may ... be made under the circumstances and in the manner prescribed in the statute or rule.

The relevant Ohio statute under which plaintiffs argue that the Court has personal jurisdiction over defendants is O.R.C. § 2307.382, the Ohio long-arm statute. Plaintiffs point specifically to §§ 2307.-382(A)(3) and (B),[2] which provide:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> \* \* \* \* \* \*
>
> (3) Causing tortious injury by an act or omission in this state;
>
> \* \* \* \* \* \*
>
> (B) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

The tort which defendants allegedly commit is based both on statutory and case law relevant to patent infringements. Title 35 U.S.C., §§ 271(a) and (b) provide:

> (a) Except as otherwise provided in this title, whoever without authority makes, uses or sells any patented invention, within the United States during the term of the patent therefor, infringes the patent.
>
> (b) Whoever actively induces infringement of a patent shall be liable as an infringer.

The courts have found these statutory provisions to establish a cause of action sounding in tort. *See, e.g., Honeywell, Inc. v. Metz Apparatewerke,* 509 F.2d 1137 (7th Cir.1975). As the Supreme Court noted in *Carbice Corporation of America v. American Patents Development Corporation,* 283 U.S. 27, 33, 51 S.Ct. 334, 336, 75 L.Ed. 819 (1931), "Infringement, whether direct or contributory, is essentially a tort, and implies invasion of some right of the patentee." There is no law in Ohio that is to the contrary. Indeed, Ohio courts seem to be quite willing to give a broad definition to tortious conduct. *See, e.g., Poindexter v. Willis,* 51 Ohio Op.2d 157, 23 Ohio Misc. 199, 256 N.E.2d 254, 256 and 260 (1970) (language concerning tortious conduct in a state's long-arm statute should not be confined to traditional concepts of a tort).

Section 2307.382(A)(3) of the Ohio long-arm statute has been interpreted to require a tortious occurrence where the causing act or omission as well as the resulting tortious injury occur in Ohio. This act or omission establishes the defendant's contact with Ohio, and it is out of this contact that the cause of action must arise. *Busch v. Service Plastics, Inc.,* 261 F.Supp. 136, 140 (N.D. Ohio 1966).

Plaintiffs allege tortious conduct on the part of defendants in the form of patent infringement and/or inducement of others to infringe the patent in question. According to the plaintiffs, such infringement or inducement occurs in Ohio in a number of

**2.** Defendants' Motion to Dismiss was based on the argument that they did not fulfill the requirement of "transacting any business in the state" of § 2307.382(A)(1) of the Ohio long-arm statute. In their Responsive Brief, however, plaintiffs make clear that they are asserting personal jurisdiction not under the "transacting business" provision, but rather under the tortious conduct provision of the long-arm statute. Because the Court finds jurisdiction under the tortious conduct provision, it is unnecessary to consider the "transacting business" requirement at this time.

ways, including through the sale of the Hornell product and its advertising in Ohio, both of which are carried out through an exclusive distributorship.[3] Out of these contacts with Ohio grows this lawsuit for alleged patent infringement. Since plaintiffs carry on their business in Ohio, their alleged injury is obviously being suffered in this state.

## II.

■■■ Concluding that a defendant falls within the scope of Ohio's long-arm statute does not end the analysis of *in personam* jurisdiction. The Court cannot exercise personal jurisdiction over defendants if to do so violates fundamental notions of fairness as incorporated in Fifth Amendment due process requirements.[4] In other words, as the Supreme Court stated in the landmark case of *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), the constitutional requirements of due process require that a defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" (Quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940).) In this way, *in personam* jurisdiction must be examined against both state statutory and federal constitutional standards. *See Max Daetwyler Corp. v. R. Meyer,* 762 F.2d 290, 293 (3rd Cir.1985) ("we are here presented with an issue where statutory and constitutional considerations are intertwined"). Satisfying the one does not necessarily satisfy the other.

Practically every court that has ever decided questions of *in personam* jurisdiction under a theory of minimum contacts has, at one time or another, grappled with notions such as convenience to the parties, *International Shoe Co., supra,* 326 U.S. at 317,

66 S.Ct. at 158; *Honeywell, Inc., supra,* at 1145, the defendant's purposeful enjoyment of the protection of local laws, *Engineered Sports Products v. Brunswick Corp.,* 362 F.Supp. 722, 728 (D.Utah 1973), the foreseeability of the defendant's being haled into the particular forum, *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980), or simply the relationship among the defendant, the litigation, and the forum, *Shaffer v. Heitner,* 433 U.S. 186, 209, 97 S.Ct. 2569, 2582, 53 L.Ed.2d 683 (1977). All of these "standards" constitute elements of the flexible due process test announced in *International Shoe* and its progeny: "Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure." 326 U.S. at 319, 66 S.Ct. at 160.

Upon examination of the record in this case, the Court concludes that defendants have minimum contacts with Ohio to satisfy the constitutional due process requirements. Convenience to the parties involved in this lawsuit is not likely to be a matter of great importance. Since plaintiffs are Ohio residents, Ohio is the more convenient state for them. Defendants believe that Pennsylvania, the state of Hornell's U.S. distributor, is the preferable forum; plaintiffs have rejected this forum for a number of reasons. Obviously the difference between Ohio and Pennsylvania is not great. For defendants, the factor of inconvenience is minimal, since travel to the United States to defend in the federal courts is necessary in either case.

Defendants enjoy to a certain extent the protection of Ohio laws. For example, Hornell markets its products through trade journals that reach Ohio customers, and

---

**3.** The exclusive distributor of the Hornell product in question is John E. Engelberger and his company, Enerjee International, located in Morrisville, Pennsylvania.

**4.** Normally, due process standards as related to *in personam* jurisdiction are analyzed under the Fourteenth Amendment. Since a federally created right is at issue here, however, a similar analysis must take place under the Fifth Amendment.

the Ohio trademark laws presumably protect Hornell in such advertising. The conduct alone of marketing a product in Ohio and reaching out to Ohio customers causes the product to be protected to a certain extent by the various business laws of the state.

The fact that defendants have specifically given the Pennsylvania distributor an exclusive sales control in Ohio indicates that defendants were purposely availing themselves of the Ohio laws and marketplace. The existence of other exclusive sales regions does not negate the importance of the Ohio market or the fact that Hornell clearly desired to have the product marketed in Ohio. In short, the welding equipment did not inadvertently reach customers in Ohio. Hornell intended to sell its product in Ohio, and for this reason gave specific sales control to its distributor in this state. The presence of other fora or even fora where the defendants may have more contacts does not, without more, deprive this Court of its jurisdiction over defendants.

 Because of the arrangements with its Pennsylvania distributor to market the Swedish product in Ohio, defendants could have reasonably anticipated being haled into an Ohio court. *World-Wide Volkswagen, supra,* at 297, 100 S.Ct. at 567; *Kulko v. California Superior Court,* 436 U.S. 84, 97–98, 98 S.Ct. 1690, 1699–1700, 56 L.Ed.2d 132 (1978). Admittedly, defendants' connections and contacts with Ohio are not substantial, but it is "minimum contacts" and not "substantial contacts"

which are required in this case for a finding of *in personam* jurisdiction. *Cf. Perkins v. Benguet Consolidated Mining Co.,* 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952). There is advertising which passes through the state by way of trade journals, actual sales made to Ohio customers,[5] and a special business arrangement for defendants' U.S. distributor to sell the Swedish welding products in Ohio. Although these contacts may not be substantial, they are entirely purposeful. Defendants would not have given the U.S. distributor special control over Ohio if they did not want the product sold or marketed in that state. The fact that the Pennsylvania distributor has exclusive distributorships in other states does not diminish the importance of defendants' contacts with Ohio.

An examination of the relationship among the forum, defendants, and the type of litigation also leads the Court to conclude that *in personam* jurisdiction is present. As noted above, defendants undoubtedly intended to have their product distributed in Ohio, as well as in other states. The nature of this litigation suggests that there will be few potential plaintiffs in the United States. Plaintiffs have, and defendants so admit, special rights and interests in the patent at issue in this lawsuit.[6] Unless this patent is contested by other United States residents, the group of potential plaintiffs in this type of lawsuit is likely to be rather small. It happens that the interested plaintiffs in this lawsuit are Ohio residents. It is in this forum that the plaintiffs' alleged injury is suffered. And

---

**5.** The specific number of sales of Hornell's products to Ohio customers is unclear. According to defendants, the U.S. distributor was unable to find records of sales to Ohio residents prior to January 1, 1985 "because of the logistics involved." Defts. Reply Br. 14. At least 12 Hornell products were sold to Ohio residents since that date. Defendants' brief also indicates that the total sales throughout the United States of the Hornell product in question was over 1,500 during the past three years. What remains unknown is the percentage of this total which constitutes sales to Ohio customers. Since the cause of action arises out of and is related to the contacts with the forum, specific jurisdiction is at issue. Therefore, minimum

contacts, *not* substantial contacts, are required. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). More importantly, the number of contacts standing alone (unless clearly substantial) is typically insufficient for a ruling on *in personam* jurisdiction. It is the "quality and nature" of the activity in the forum which courts must examine when ruling on jurisdictional issues of due process. *International Shoe,* 326 U.S. at 319, 66 S.Ct. at 160.

**6.** Defts. Reply Br. 1. The patent at issue is United States Letters Patent Reissue No. 29,684, "Welding Helmet with Eye Piece Control."

it is reasonable to believe that Ohio has an interest in protecting its patentees and licensees. Thus, the defendant-forum-litigation relationship is such that requiring defendants to litigate in this forum does not offend notions of fair play and substantial justice.

### III.

As noted at the outset of this analysis, matters of personal jurisdiction inherently involve a balancing of many elements. Typically, as in this case, there are factors which weigh for and against a finding of *in personam* jurisdiction. Should a court hold that it lacks personal jurisdiction over a defendant, then a plaintiff is forced to seek another forum to litigate its claims. In this case, plaintiffs do have available to them apparently two other fora, Pennsylvania and Sweden, in which to bring their claims against defendants. There may be others. So long as the necessary "affiliating circumstances," *World-Wide Volkswagen*, 444 U.S. at 295, 100 S.Ct. at 566, are present in Ohio, however, this Court has proper *in personam* jurisdiction over defendants. Contrary to defendants' beliefs (Deft. Reply Br. 19–20) and as the Court's analysis shows, the selection of Ohio as a forum to litigate these patent claims is more than a matter of plaintiffs' personal convenience. Finding that the balance of factors weighs in favor of a finding of *in personam* jurisdiction, the defendants' Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(2), is hereby denied.

Defendants shall answer plaintiffs' complaint within twenty (20) days after service of this Order exclusive of the day of service.

IT IS SO ORDERED.