## JAMES DOOLING *vs.* BUDGET PUBLISHING COMPANY.

Suffolk.   Nov. 15, 1886. — March 23, 1887.   HOLMES & GARDNER, JJ., absent.

The publication of an article stating that a dinner furnished by a caterer on a public occasion was "wretched," and was served "in such a way that even hungry barbarians might justly object," and that "the cigars were simply vile, and the wines not much better," is not actionable, without proof of special damage.

TORT, for an alleged libel, contained in the following words:

" Probably never in the history of the Ancient and Honorable Artillery Company was a more unsatisfactory dinner served than that of Monday last.   One would suppose, from the elaborate bill of fare, that a sumptuous dinner would be furnished by the caterer, Dooling; but instead, a wretched dinner was served, and in such a way that even hungry barbarians might justly object.   The cigars were simply vile, and the wines not much better."

At the trial in the Superior Court, before *Pitman*, J., the publication of the words by the defendant was admitted.

The plaintiff's counsel, in opening the case to the jury, stated that the plaintiff was a caterer in the city of Boston with a very large business, and acted as caterer upon the occasion referred to.   Upon the statement of the plaintiff's counsel that he should offer no evidence of special damage, the judge ruled, without reference to any question of privilege that might be involved in the case, that the words set forth were not actionable *per se*, and that the plaintiff could not maintain his action without proof of special damage; and, the plaintiff's counsel still stating that he should offer no evidence of special damage, directed a

verdict for the defendant; and reported the case for the determination of this court.

If the ruling was correct, judgment was to be entered on the verdict; otherwise, the case to stand for a new trial.

*C. B. Southard & R. Bradford*, for the plaintiff.

*W. E. L. Dillaway & H. E. Bolles*, for the defendant.

C. ALLEN, J. . The question is, whether the language used imports any personal reflection upon the plaintiff in the conduct of his business, or whether it is merely in disparagement of the dinner which he provided. Words relating merely to the quality of articles made, produced, furnished, or sold by a person, though false and malicious, are not actionable without special damage. For example, the condemnation of books, paintings, and other works of art, music, architecture, and generally of the product of one's labor, skill, or genius, may be unsparing, but it is not actionable without the averment and proof of special damage, unless it goes further, and attacks the individual. *Gott* v. *Pulsifer*, 122 Mass. 235. *Swan* v. *Tappan*, 5 Cush. 104. *Tobias* v. *Harland*, 4 Wend. 537. *Western Counties Manure Co.* v. *Lawes Chemical Manure Co.* L. R. 9 Ex. 218. *Young* v. *Macrae*, 3 B. & S. 264. *Ingram* v. *Lawson*, 6 Bing. N. C. 212. Disparagement of property may involve an imputation on personal character or conduct, and the question may be nice, in a particular case, whether or not the words extend so far as to be libellous, as in *Bignell* v. *Buzzard*, 3 H. & N. 217.

The old case of *Fen* v. *Dixe*, W. Jones, 444, is much in point. The plaintiff there was a brewer, and the defendant spoke of his beer in terms of disparagement at least as strong as those used by the present defendant in respect to the plaintiff's dinner, wines, and cigars; but the action failed for want of proof of special damage.

In *Evans* v. *Harlow*, 5 Q. B. 624, 631, Lord Denman, C. J., said: " A tradesman offering goods for sale exposes himself to observations of this kind; and it is not by averring them to be ' false, scandalous, malicious, and defamatory,' that the plaintiff can found a charge of libel upon them." ·

In the present case there was no libel on the plaintiff, in the way of his business. Though the language used was somewhat

strong, it amounts only to a condemnation of the dinner and its accompaniments. No lack of good faith, no violation of agreement, no promise that the dinner should be of a particular quality, no habit of providing dinners which the plaintiff knew to be bad, is charged, nor even an excess of price beyond what the dinner was worth; but the charge was, in effect, simply that the plaintiff, being a caterer, on a single occasion, provided a very poor dinner, vile cigars, and bad wines. Such a charge is not actionable, without proof of special damage.

*Judgment on the verdict.*