## WHITE et al. v. HANKS.

Court of Appeals of Kentucky.

Feb. 27, 1953.

E. W. Draffen and William Wickliffe, Harrodsburg, Major McBrayer, Lawrenceburg, for appellants.

John C. Talbott, Lawrenceburg, for appellees.

CULLEN, Commissioner.

Appealing from a judgment which dismissed their action after a demurrer to their petition had been sustained, the appellants maintain that their petition stated a cause of action and the demurrer should have been overruled.

The action was one seeking general damages for slander. The petition alleged that the plaintiffs (appellants), Woodrow White, Bryan White and Alvin Cox, doing business as Capital Motors and White Brothers Motors, were engaged in the automobile business in Lawrenceburg; that prior to August 1, 1950, they enjoyed a good reputation in their business; that on May 25, 1950, they bought a 1950 Chevrolet automobile from the defendant Harold Hanks, who also was an automobile dealer in Lawrenceburg; that on July 1, 1950, the plaintiffs sold the Chevrolet to one Noland Perkins; that on August 1, 1950, "the defendant, falsely, wickedly, and with a malicious intent to injure plaintiffs in their reputation and business spoke and published in the presence and within the hearing of the said Noland Perkins that two rear ends of the car which he, Perkins, had purchased from these plaintiffs had been installed in the

car; that it had been licensed to three different people in Shelbyville; that the car had been wrecked; and that, if he, Perkins, would take the seat covers off, he would find a large burnt place in the upholstery * * *, meaning thereby that plaintiffs had cheated and defrauded said Perkins in the sale of said car to him * * *;" and that the statements made by the defendant were false and known by him to be false.

The appellants rely upon the general rule that words falsely spoken are actionable per se if they directly tend to the prejudice or injury of a person in his profession, trade or business. Baker v. Clark, 186 Ky. 816, 218 S.W. 280. The only trouble is, that the facts of this case do not fall within that rule.

We find nothing in the words complained of that either directly or indirectly imports fraud, dishonesty, or sharp or unethical practices on the part of the appellants. The words say nothing more than that a used car which the appellants sold was indeed a "used" car. There is no suggestion that the appellants charged a price in excess of the actual value of the car. There is no necessary implication that the appellants had represented the car to be a "one-owner" car, or not to have been wrecked, or not to have had replaced parts. It is a matter of common knowledge that automobiles frequently pass through the ownership of several persons, that they are involved in accidents, that they require a replacement of parts, and that they occasionally receive burns in the upholstery. There is no implied warranty in the sale of a used car that none of these things has happened to the car.

It appears to be the accepted rule that disparaging words spoken with reference to goods sold by a merchant are not actionable per se unless the words contain an imputation of fraud, deceit, dishonesty or other reprehensible conduct on the part of the merchant. 53 C.J.S., Libel and Slander, § 270, p. 392; sec. 50, p. 98; Dooling v. Budget Publishing Co., 144 Mass. 258, 10 N.E. 809; Tobias v. Harland, 4 Wend. (N.Y.) 537.

The appellants did not allege special damages, and we think the trial court correctly adjudged that their petition did not state a cause of action for general damages.

The judgment is affirmed.