**CONTINENTAL NUT COMPANY, a corporation, Plaintiff-Appellant,**

v.

**ROBERT L. BERNER COMPANY, a corporation, Robert L. Berner, J. P. Farrell, Smith & Swinton Company, a corporation, Jay Brokerage, a corporation, Herbert Jubelier, William J. Smith, and Arthur J. Swinton, Defendants-Appellees.**

**No. 14694.**

United States Court of Appeals
Seventh Circuit.

April 15, 1965.

Joseph M. Taussig, Robert A. Sprecher, Chicago, Ill., for appellant.

Robert F. Hanley, Robert L. Berner, Jr., of Baker, McKenzie and Hightower, Chicago, Ill., A. Daniel Feldman, Donald J. McLachlan, of Isham, Lincoln & Beale, Chicago, Ill., for defendants-appellees Robert L. Berner Co., Robert L. Berner, J. P. Farrell, Smith & Swinton Co., William J. Smith and Arthur J. Swinton.

Before KNOCH, CASTLE, and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This action is before us on appeal from a dismissal of plaintiff's complaint in a libel suit. The conduct alleged to be libelous was the publication and distribution of a letter to plaintiff's customers. Jurisdiction is based on diversity.

Plaintiff is a California corporation which buys various kinds of nuts, processes them, and then resells them. Among the products which it handles are Brazil nuts of a type known as "natural" nuts. Plaintiff claims that it cures, dries, and processes these nuts before offering them for resale.

Defendant Robert L. Berner Company, an Illinois corporation, is engaged in a similar business. The Brazil nuts which it imports are not of the "natural" variety but are cured and processed before being imported. Defendant Smith & Swinton Company is an Ohio corporation. Defendant Jay Brokerage is a Wisconsin corporation. Both are in the food brokerage business, either as independent brokers or as agents of the Berner Company. Defendants Robert L. Berner and J. P. Farrell, William J. Smith and Arthur J. Swinton, and Herbert Jubelier are officers of the Berner Company, the Smith & Swinton Company, and Jay Brokerage, respectively.

Plaintiff's complaint alleged that the publication in question was libelous both *per se* and *per quod*. The district court dismissed the complaint as to the Berner Company, Robert L. Berner, and J. P. Farrell on the grounds that the publication was not libelous *per se* and that special damages were not sufficiently alleged to allow recovery for libel *per quod*. The complaint against the other defendants was dismissed because of deficiencies in jurisdiction and venue. An amended complaint was filed, but this too was dismissed as to all defendants. The district judge's memorandum opinion dismissing the amended complaint relied upon the reasoning set forth in his first memorandum opinion granting the initial dismissal.

There are three issues raised in this appeal: (1) whether plaintiff sufficiently

stated a cause of action in libel; (2) whether the court had jurisdiction over the Ohio defendants (Smith & Swinton Company, William J. Smith, and Arthur J. Swinton); and (3) whether the court had jurisdiction over the Wisconsin defendants (Jay Brokerage and Herbert Jubelier).

### I.

The publication which plaintiff has alleged to be libelous was published and distributed by the Berner Company. The letter went out to its customers under the notation "Important." In the course of the letter, the "natural" nuts bought and resold by plaintiff were referred to as "green" nuts. The Berner Company claimed that such nuts were "rarely, if ever, properly cured." Moreover, it claimed that because of a moisture in the nuts, "[T]he people who buy Green Brazil Nuts (and most of them won't know they are getting green nuts) will have a shrinkage on their hands and the nuts will develop mould." Berner's customers were further warned that "Food and Drug will be more active than ever" and that "somebody is going to be in trouble" if the Food and Drug inspectors find that the green Brazil nuts do not meet proper standards. At the end of the letter the Berner Company listed plaintiff Continental Nut Company among those importers bringing most of the green Brazil nuts into this country.

Plaintiff contends that this letter constituted both a libel *per se* and *per quod*. The district judge determined as a matter of law, that it was not libelous *per se*. He noted however, "It seems to me that there is enough here to say that this publication may be libelous *per quod*." Nevertheless, he dismissed the complaint on that count because of a failure to plead special damages with sufficient specificity.

The amended complaint alleged an immediate decrease in plaintiff's gross sales of Brazil nuts and of all other nuts following the publication of the letter. Although not naming the particular customers it lost, plaintiff listed specific figures of its gross sales before and after the publication and averred that the decrease in sales was the "natural and proximate result" of the letter.

In holding that plaintiff did not sufficiently allege special damages, the district court relied heavily upon the decision in Erick Bowman Remedy Co., Inc. v. Jensen Salsbery Laboratories, Inc., 17 F.2d 255, 52 A.L.R. 1187 (8th Cir. 1926). Although the Erick case provides some authority for the proposition that a plaintiff seeking special damages in a libel case should specify by name the customers he claims to have lost, that decision antedated the adoption of the Federal Rules of Civil Procedure. Those rules liberalize the requirements of pleading so that an allegation of special damages is sufficient when it notifies the defendant of the nature of the claimed damages even though it does not delineate them with "as great precision as might be possible or desirable." Schoen v. Washington Post, 100 U.S.App.D.C. 389, 246 F.2d 670 (1957). Accordingly, we do not think the rigid rule in Erick should be followed. On the contrary, we hold that plaintiff sufficiently alleged specific damages so that its complaint should not have been dismissed for a deficiency in this regard.

We are in agreement with the district judge that statements contained in the letter are of the type which may be libelous *per quod* under the applicable Illinois law. Although defendant contends that the statements, if harmful at all, are a disparagement of the Brazil nuts as a product and not of the plaintiff as a company, the character of the remarks made about the nuts and the specific mention of plaintiff as an importer of such nuts are sufficient to allege a libel against plaintiff itself.

We also agree with the district judge that the statements made by defendant in the letter did not constitute a libel *per se*. To allow a plaintiff corporation to recover on this count, there must be a showing that it has been accused of fraud, mismanagement, or financial instability. Interstate Optical Co. v. Illinois State Soc'y of Optometrists, 244 Ill.

App. 158 (1927). Nowhere in the publication is plaintiff accused of fraud, mismanagement, or financial instability in such a direct manner as would warrant a finding of libel *per se*. In determining that the accusations against plaintiff do not fall within one of these categories, we have applied the "innocent construction" rule as articulated by the Illinois Supreme Court in John v. Tribune Co., 24 Ill.2d 437, 181 N.E.2d 105, cert. denied, 371 U.S. 877, 83 S.Ct. 148, 9 L.Ed.2d 114 (1962). There it was held that words allegedly libelous must be given their natural and obvious meaning and declared nonactionable if capable of being read innocently. Insofar as we note that plaintiff was not directly charged with fraud, mismanagement, or financial instability, we hold that the publication must be given an "innocent" construction in this regard and thus be found not to constitute a libel *per se*.

Applying the same rule, however, we hold that the publication as a whole is not susceptible of an innocent construction. Though not of the character which would constitute a libel *per se*, the statements in the letter are of the type which may constitute a libel *per quod*. If we were to interpret the publication as totally innocent, we would be reading it as not saying what it actually says. Pape v. Time, Inc., 318 F.2d 652 (7th Cir. 1963).

### II.

The next issue we consider is whether the district court correctly ruled that jurisdiction had not been acquired over the Ohio defendants. Jurisdiction was asserted by plaintiff under the Illinois "long-arm" statute which provides that anyone transacting business or committing a tortious act within the state submits himself to the jurisdiction of the courts of that state. Ill.Rev.Stats.1963, C. 110, § 17. Rules 4(e) and (f) of the Federal Rules of Civil Procedure make that statute applicable in federal courts sitting within the state and exercising diversity jurisdiction. The crucial determination, then, is whether the Ohio defendants had, in fact, transacted business or committed a tort within Illinois.

■■ Uncontroverted affidavits filed by the Ohio defendants established that except for acting in Ohio as an independent broker for the Berner Company, the Smith & Swinton Company had no contacts in Illinois. Sales arranged by it were solely within Ohio. The company did not have property or bank balances in Illinois, did not have an agent there, did not solicit business there, and did not ship merchandise into Illinois. Since these affidavits are not challenged, we must accept them as true. In these circumstances, we agree with the district court's determination that the Smith & Swinton Company did not transact business within Illinois. This court has recently recognized that, despite the extension of jurisdiction under the Illinois statute, there are still limitations on the state's power in this regard and the "minimal contacts" requirement of due process must still be recognized. Purdy Co. v. Argentina, 333 F.2d 95 (7th Cir. 1964).

■ Plaintiff next urges that even if the Smith & Swinton Company did not transact business in Illinois, it committed a tort there and thus was subjected to the court's jurisdiction. The tort of which plaintiff accuses this defendant is a conspiracy with the Berner Company in publishing the libelous remarks. Again, the Ohio defendants filed uncontroverted affidavits denying correspondence or conversation with the other defendants prior to the publication. Again, plaintiff failed to challenge these affidavits, but relied upon its unsupported allegation of the conspiracy. Such an allegation when denied by uncontroverted affidavits is not sufficient in itself to establish the jurisdictional prerequisite of the state statute.

■ Finally, plaintiff seeks to bring the Ohio defendants within the jurisdiction of the federal court sitting in Illinois by urging that these defendants were parties to the Berner Company's initial publication by virtue of the Illinois Uniform Single Publication Act, Ill.Rev.Stats.1963 C. 126, § 11–15. Again, accepting the defendants' uncontroverted

affidavits, as we must, we hold that there is no basis upon which it can be said that these defendants were parties in the first instance to the publication of the letter. In another case interpreting the Illinois "long-arm" statute, this court held that an alleged libel was complete in Illinois at the time of its original publication and that any subsequent republication by non-resident defendants did not subject them to jurisdiction by reason of committing a tort in Illinois. Insull v. New York World-Telegram Co., 273 F.2d 166 (7th Cir. 1959).

Accordingly, the district court was correct in dismissing the case against the Ohio defendants for jurisdictional reasons.

### III.

We are confronted with a different situation when we consider the district court's dismissal of the action against the Wisconsin defendants. Plaintiff attempted to sustain jurisdiction against these defendants on the same grounds that it urged against the Ohio defendants. The difference, however, here is that the Wisconsin defendants did not submit affidavits such as those offered by the Ohio defendants. The affidavits offered by the Wisconsin defendants asserted that they did not maintain an office, a registered agent, or permanent employees within Illinois. These affidavits, unlike those submitted by the Ohio defendants, did not allege that Jay Brokerage had no customers in Illinois and conducted no solicitation in that state. Nor do the Wisconsin defendants deny the charge that they entered into a conspiracy in Illinois which resulted in the publication of the alleged libel. The district court noted these deficiencies in the affidavits and suggested that if plaintiff's charge could be substantiated, then jurisdiction would properly lie against the Wisconsin defendants. In his initial memorandum opinion granting dismissal in this case, the district judge noted, however, that "[A]s the record now stands, the present complaint is not sufficient to confer jurisdiction as to the Wisconsin defendants because it fails to charge the publication of a libel in Illinois and also fails to charge that the plaintiff was specially injured in Illinois by reason of the defendants' conduct in publishing such libel." On this basis, the dismissal was granted against the Wisconsin defendants.

It is important to note that in the amended complaint plaintiff specifically charged the Wisconsin defendants with publication of a libel in Illinois causing plaintiff special injuries within that state. This particular amendment was not considered by the district judge in dismissing the amended complaint for the reason that he relied on the reasoning in his original memorandum opinion to the effect that there had been no libel *per se* or *per quod*. Because of this fundamental determination, any jurisdictional question became moot upon the dismissal of the amended complaint. Now, however, that we have held the complaint sufficient to allege a libel *per quod*, the question of jurisdiction over the Wisconsin defendants again becomes important.

As we have noted above, the affidavits submitted by these defendants are not sufficient to deny the grounds upon which plaintiff claimed jurisdiction over them. Having remedied the specific deficiencies which the district court originally found, plaintiff's allegations were sufficient to invoke jurisdiction over the Wisconsin defendants by virtue of the Illinois statute and Rules 4(e) and (f) of the Federal Rules of Civil Procedure.

The order of dismissal as to defendants J. P. Farrell, Robert L. Berner Company, Robert L. Berner, Jay Brokerage, and Herbert Jubelier is reversed. The order of dismissal as to defendants Smith & Swinton Company, William J. Smith, and Arthur J. Swinton is affirmed.

Reversed in part and affirmed in part.