494 P.2d 532

**HYDROSWIFT CORPORATION, a corporation, Plaintiff and Appellant,**

v.

**LOUIE'S BOATS & MOTORS, INC., a corporation, Defendant and Respondent.**

No. 12507.

Supreme Court of Utah.

Feb. 23, 1972.

**234**

Cotro-Manes, Fankhauser & Beasley, Paul N. Cotro-Manes, Salt Lake City, for plaintiff-appellant.

Parsons, Behle & Latimer, LeRoy S. Axland, Salt Lake City, for defendant-respondent.

HENRIOD, Justice:

Appeal from a judgment quashing service of summons. Affirmed, with costs to Louie's.

A complaint was filed to cover the price of boats sold by plaintiff, a domestic corporation, to defendant, a foreign corporaton with offices at Albany, Oregon. The price was payable at Salt Lake City, Utah. Defendant made a special appearance, and a motion to quash, supported and opposed by affidavits of officials of the respective parties, was granted, rejecting plaintiff's contention that the court had jurisdiction under Title 78–27–24, Utah Code Annotated 1953,[1] commonly known as the Long Arm Statute. The plaintiff amended its complaint, changing its theory entirely, contending that under that statute defendant had committed a conversion,[2] when the boats and title thereto were consigned to an Oregon bank, which delivered the boats to defendant purchaser, who retained possession thereof. Defendant by affidavit asserted that it did not convert the boats but tried to dispose of them for the benefit of plaintiff with the latter's request and consent, defendant refusing payment because the boats, being defective, were unacceptable. A second motion to quash was granted, which we conclude was proper.

Plaintiff concedes that the conversion (if one took place) was committed in Ore-

---

1. As amended by adding 78–27–22 et seq., Laws of Utah 1969, ch. 246, sec. 1 et seq., Vol. 9, 1971 Pocket Supp., pp. 44–46.

2. "Any person, . . . whether or not a citizen or resident of this state, who . . . does any of the following enumerated acts, submits himself, and if an individual, his personal representative, to the jurisdiction of the courts of this state as to any claim arising from: . . . (3) The causing of any injury within this state whether tortious or by breach of warranty; . . . ."

gon, but says it resulted in damage to plaintiff in Utah, i. e., nonpayment of the purchase price. Plaintiff cites numerous authorities reflecting the liberal expansion of the conflict of laws concept since Pennoyer v. Neff,[3] and suggests that they even transcend the "minimum contact" principle enunciated in International Shoe v. Washington.[4] We disagree with the urgence of plaintiff, are unwilling to extend that case, which appears to have inspired our Long Arm Statute, and believe and hold that under the circumstances related hereinabove, the plaintiff legitimately cannot claim jurisdiction that might sanction this litigation in Utah.

Under 78–27–22, it is stated that the provisions of the act apply "to the fullest extent permitted by the due process clause of the Fourteenth Amendment . . . . "

We believe that the same amendment would protect one from being subject to the jurisdiction of the courts of this state, where he allegedly committed a tort such as claimed here, or a slander or the like in a sister state, but not in Utah, on grounds of denial of due process of law.

CALLISTER, C. J., and TUCKETT, ELLETT and CROCKETT, JJ., concur.

3. 5 Otto 714, 95 U.S. 714, 24 L.Ed. 565 (1877).

4. 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).