**BOSE CORPORATION, Plaintiff,**

v.

**CONSUMERS UNION OF UNITED STATES, INC., Defendant.**

**Civ. A. No. 71–481–J.**

United States District Court,
D. Massachusetts.

Jan. 3, 1973.

---

Charles Hieken, Waltham, Mass., for plaintiff.

Marvin M. Karpatkin, Karpatkin, Ohrenstein & Karpatkin, John E. Le Moult and Steven Delibert, New York City, Gerald A. Berlin, Boston, Mass., for defendant.

COURT'S ACTION ON PLAINTIFF'S "SPECIFICATION OF ALLEGED ACTIONABLE PORTION OF REVIEW AND PARTICULARIZATION OF NATURE AND EXTENT OF DAMAGES" AND ON DEFENDANT'S RENEWED MOTION TO DISMISS THE COMPLAINT

JULIAN, Senior District Judge.

Upon reconsideration of the defendant's contention, advanced in support of its motion to dismiss the amended complaint,[1] and renewed now,[2] that both Massachusetts and New York law require the pleading of special damages with particularity in order to prosecute a cause of action for libel of product, or commercial disparagement, the Court remains of the opinion that plaintiff must allege special damages with particularity before a cause of action for libel of

1. On October 18, 1972, the Court denied defendant's motion to dismiss the amended complaint, but ordered plaintiff to specify those portions of defendant's published review of plaintiff's product alleged to be actionable and "to particularize, to the extent presently possible, the nature and extent of damages sustained by plaintiff" as a result of the publication.

2. On November 17, 1972, after submission of plaintiff's "specification of alleged ac-

tionable portion of review and particularization of nature and extent of damages," counsel for plaintiff and defendant appeared before the Court for a conference requested by defendant. Defendant again challenged plaintiff's specification of damages as insufficient to state a cause of action for libel of product. After hearing the arguments of counsel, the Court agreed to pass upon the sufficiency of plaintiff's latest attempt to particularize special damages.

product can be stated. See Boynton v. Shaw Stocking Co., 146 Mass. 219, 15 N.E. 507 (1888); Dooling v. Budget Publishing Co., 144 Mass. 258, 10 N.E. 809 (1887); Drug Research Corp. v. Curtis Publishing Co., 7 N.Y.2d 435, 199 N.Y.S.2d 33, 166 N.E.2d 319 (1960); Marlin Firearms Co. v. Shields, 171 N.Y. 384, 64 N.E. 163 (1902). See also Eversharp, Inc. v. Pal Blade Co., 182 F.2d 779 (2d Cir. 1950); "Developments in the Law—Competitive Torts," 77 Harv. L.Rev. 888, 899–902 (1964).

For that reason, and another not presently pertinent, the Court, on October 18, 1972, instructed plaintiff to further particularize the special damages alleged in the amended complaint. Plaintiff attempted to do so, not by filing a second amended complaint, but by filing, on November 9, 1972, a document entitled "Specification of Alleged Actionable Portion of Review and Particularization of Nature and Extent of Damages."

■ Although the Court does not share defendant's [formalistic] view that the specification must fail because it is not incorporated in a second amended complaint, the Court does find merit in the defendant's claim that the specification still does not sufficiently particularize items of special damage to state a cause of action for libel of product.

■ On the other hand, however, the Court is mindful of the liberality of the federal rules of pleading. See Fed.R. Civ.P. 8. All that is generally required is that "the defendant be put on notice as to the general nature of the claim." However, "the facts and information must be sufficient to form the basis of reasonably fruitful discovery proceedings." Testing Systems, Inc. v. Magnaflux Corp., 251 F.Supp. 286, 291 (E.D. Pa.1966). Furthermore, Rule 9(g) provides: "When items of special damage are claimed, they shall be specifically stated."

■ In the document filed on November 9, 1972, plaintiff specifies that it suffered, *inter alia*, special damages of $2,851,200, representing lost profits from sales which, had it not been for the allegedly libelous publication, would have been realized. The basis of plaintiff's computation is not set forth. Plaintiff neither alleges the "loss of particular customers by name," nor "a general diminution in its business, and extrinsic facts showing that such special damages were the natural and direct result of the false publication." Erick Bowman Remedy Co. v. Jensen Salsbery Laboratories, 17 F.2d 255, 261 (8 Cir. 1926). See also Fowler v. Curtis Publishing Co., 86 U. S.App.D.C. 349, 182 F.2d 377 (1950). Plaintiff makes no attempt to allege "facts showing an established business, the amount of sales for a substantial period preceding the publication, the amount of sales subsequent to the publication, facts showing that such loss in sales were [sic] the natural and probable result of such publication, and facts showing that plaintiff could not allege the names of particular customers who withdrew or withheld their custom." Erick Bowman Remedy Co. v. Jensen Salsbery Laboratories, *supra*, 17 F.2d at 261.

While it may not be invariably necessary to identify in the complaint the customers who were lost as a result of the publication, see Continental Nut Co. v. Robert L. Berner Co., 345 F.2d 395 (7th Cir. 1965),[3] certainly plaintiff must be held to a greater degree of specificity than it has thus far provided.

Accordingly, it is ordered that the amended complaint in this action be dis-

3. Although plaintiff in Continental Nut Co. v. Robert L. Berner Co., *supra*, did not specify allegedly lost customers by name, the amended complaint did allege an immediate decrease in plaintiff's gross sales and listed specific figures of its gross sales before and after the publication, and averred that the decrease was the "natural and proximate result" of the publication.

missed unless the plaintiff, within thirty (30) days of the date hereof, further amends its complaint to properly reflect its special damages.