Sylvia **PELLEGRINI**, Plaintiff
and Appellant,

v.

**SACHS AND SONS** and Ford Motor Company et al., Defendants and
Respondents.

No. 13528.

Supreme Court of Utah.

May 15, 1974.

Robert V. Phillips and Phillip C. Patterson, Patterson, Foley, Phillips & Gridley, Ogden, for plaintiff and appellant.

Blaine V. Glasmann, Jr., Young, Thatcher & Glasmann, Ogden, for Sachs.

Ray R. Christensen, Salt Lake City, for Ford Motor.

CROCKETT, Justice:

Sylvia Pellegrini sued Sachs and Sons, Lincoln automobile dealer of Downey, Cal-

ifornia, (Ford Motor Company, and others not involved here) alleging injuries and damages resulting from Sachs' negligence in dealer preparation and breach of warranty on a new Lincoln Continental she had purchased from it. The district court granted Sachs' motion to dismiss on the ground that it did not have the requisite minimum contacts with this state to allow assertion of jurisdiction under our "Long-Arm" statute.[1] Plaintiff appeals.

Plaintiff was a California resident in July 1970 when she purchased the Lincoln. She registered it in California. A few days after the purchase she noticed certain mechanical difficulties which were reported to, and supposedly corrected by, the defendant. In September 1970 she moved to Utah. She avers that there were further difficulties with the car, including the brakes and finally the failure of the steering mechanism. She blames the car's defects and the failure to remedy them for three collisions, including a final one for which she seeks recovery in this suit.

We are not concerned with the merits of her claims, but only with the question of jurisdiction.

The argument of the plaintiff is that the Ford Motor Company is a national concern doing business in all of the states; and that there is a responsible inter-relationship between that company and all of its separate dealerships, and also among them, all of whom sell its cars in a common marketing and advertising program; who have mutual obligations in responding to warranties and servicing of the cars; that in addition to this, that in selling something as mobile as cars, defendant is charged with knowledge that they will travel into other states, and the reasonably to be expected consequences thereof. She couples with the foregoing the further argument that the vital fact of her action is that the

"situs of causation" of the injury was in Utah, so the car, and the witnesses as to the probative facts and events are here, wherefore the defendant should be subject to the jurisdiction of our court.

Plaintiff's urgence that the trend of the law in recent years has been to minimize the barriers of state lines and to extend the jurisdiction of state courts over causes arising therein is not without some justification. She cites the statement of policy of our statute as being in harmony with that trend: that its provisions "should be applied so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution."[2] She places emphasis on:

78–27–24, U.C.A.1953. Jurisdiction over nonresidents—Acts submitting person to jurisdiction.—Any person, . . . whether or not a citizen or resident of this state, who in person or through an agent does any of the following enumerated acts, submits himself, and if an individual, his personal representative, to the jurisdiction of the courts of this state as to any claim arising from:

\*    \*    \*    \*    \*    \*

(3) The causing of any injury within this state whether tortious or by breach of warranty;[3]

Whatever else may be said on this subject, the propositions set forth in International Shoe Co. v. Washington remain as foundational in this area of the law. In commenting upon the prerequisites to jurisdiction over a nonresident, the Court stated:

. . . due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not

1. Sec. 78–27–22 et seq. U.C.A.1953 (Supp. 1973).

2. Id., Sec. 78–27–22.

3. See Hydroswift Corp. v. Louie's Boats & Motors, Inc., 27 Utah 2d 233, 494 P.2d 532

(1972), construing this subsection of 78–27–24; and see Hill v. Zale Corp., 25 Utah 2d 357, 482 P.2d 332 (1971) for a discussion of "doing business" within this state for jurisdictional purposes.

present within the territory of a forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." [4]

A case which goes perhaps as far as any in extending the "minimum contacts" doctrine is McGee v. International Life Insurance Co. The insured, a resident of California, accepted the Texas insurance company's mailed offer to reinsure him; and thereafter mailed premiums from California to Texas. Even though the company had no office or agents in California, the United States Supreme Court affirmed that California had jurisdiction on the ground of substantial connection in that state. It regarded as persuasive: that the acceptance of the offer, and the delivery of the contract occurred in California; that the premiums were mailed from there; and that the insured was a resident of California at the time of his death.[5]

The limitations on that doctrine and a reminder of the fundamentals of International Shoe, supra, were pointed out in Hanson v. Denckla. There it was held that the Florida court did not have jurisdiction over a Delaware trustee, whose settlor was originally domiciled in Pennsylvania, but subsequently moved to Florida, because the trustee had insufficient affiliation with Florida. This remark of the court has meaningful application to our case:

> [I]t is a mistake to assume that this trend heralds the eventual demise of all restrictions on the personal jurisdiction of state courts. [citations omitted] Those restrictions are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States.[6]

\*  \*  \*  \*  \*  \*

> [I]t is essential in each case that there be some act by which the defendant *purposefully avails* itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.[7]

In her "situs of causation" argument plaintiff cites a number of cases as being quite liberal in approving jurisdiction over nonresidents in the states where products have caused injury.[8] But it will be found that most of those cases are against manufacturers. The adjudications are on the ground that in sending their wares into foreign states they have a substantial and continuing interest in the sale and distribution; and that their conduct through their agents in promoting those objectives is sufficient to meet the "minimum contacts" test.[9]

4. 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

5. 355 U.S. 220, 223, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

6. 357 U.S. 235, 251, 78 S.Ct. 1228, 1238, 2 L.Ed.2d 1283 (1958).

7. Id. at 253, 78 S.Ct. at 1240. We are aware of differing views on the statement in the Hanson case. See Buckeye Boiler Co. v. Superior Court of Los Angeles County, 71 Cal.2d 893, 80 Cal.Rptr. 113, 458 P.2d 57, 63 (1969); Fisher Governor Co. v. Superior Court, 53 Cal.2d 222, 1 Cal.Rptr. 1, 347 P.2d 1 (1959) and cf. Leflar, Conflict of Laws, 34 N.Y.U.L.Rev. 20, 33 (1959); Thode, In Personam Jurisdiction, 42 Tex.L. Rev. 279, 301–310 (1964); Phillips v. Anchor Hocking Glass Corp., 100 Ariz. 251, 413 P.2d 732 (1966).

8. We note our accord with plaintiff that this case is not concerned with "business presence," nor is it concerned with whether the defendant gave constructive consent by doing something in this state such as driving an automobile on our highways as in Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091, but it is concerned with the requirement of "sufficient minimum contacts" as discussed in the cases cited; and see, e. g., Gray v. American Radiator and Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761 (1961), and Atkins v. Jones and Laughlin Street Corp., 258 Minn. 571, 104 N.W.2d 888 (1960).

9. See, for example, Gray v. American Radiator and Sanitary Corp,, footnote 8 above, 176 N.E.2d at 766.

We are cognizant that our ruling herein makes what may be regarded as a somewhat technical distinction between those adjudications as to manufacturers, and the situation presented here, concerning a dealer. But we think that distinction is both correct under the law and justified as a matter of policy. Differing from the manufacturer, a dealer (defendant Sachs) has little or no interest in the sale of similar products in the foreign state. While it is true that he may reasonably expect that the car will go into other states, that does not seem overly important. The counterpoint is that it is also to be expected that most of the products he sells will be used where he is (in California) most of the time; and that even if one does leave, it will likely return, so that in the great preponderance of instances, the discharge of his duties as to the product will be where he is. It is more significant to note that he does not go into the foreign state to take advantage of its business climate or the protection of its laws.[10]

Some guidance on the problem of concern here is found in the decision of our sister states. In Granite States Volkswagen, Inc. v. District Court plaintiff had purchased a Volkswagen in New Hampshire prior to moving to Colorado. A fire burned up the car, which she alleged resulted from the negligence of the New Hampshire dealer. In rejecting jurisdiction in its own courts, the Colorado Supreme Court made the distinction just pointed out above.[11] In a similar case, Tilley v. Keller Truck and Implement Corp., the Kansas court made the same distinction and expressly mentioned that foreseeability that *a product may be transported into another state and cause injury* does not meet the minimum contact—substantial justice requirements of the law.[12] In commenting on that principle the Washington Supreme Court in Oliver v. American Motors Corp. stated that to base jurisdiction on "so slender and tenuous a thread . . . [would] offend [against] traditional notions of fair play and substantial justice."[13]

■ We are not persuaded of the soundness and propriety in the plaintiff's argument for determining jurisdiction which places stress on the situs of the injury and the convenience of the forum. While we appreciate that the latter is a factor which may properly be weighed along with others in considering the question of fair play and due process,[14] this is true only when the other fundamental prerequisites exist. And in any event the question of convenience is most always a two-sided one, as it is here.

■ It requires but a moment's reflection to see what practical difficulties could result if the many thousands of retailers, who sell the many thousands of products, which are transported into other states, were required to defend wherever it might be alleged that the product had arrived and caused injury. Consequently we think proper safeguards of the rights of both parties require that jurisdiction should not be predicated solely on the ground that an article sold elsewhere by a dealer may be brought into the state and cause harm. Therefore, notwithstanding the liberal trend expressed in our statute toward extending jurisdiction for the "causing of any injury within this state whether tor-

10. See statement in Hill v. Zale Corp., footnote 3 above.

11. 177 Colo. 42, 492 P.2d 624 (1972).

12. 200 Kan. 641, 438 P.2d 128 (1968). The Court said that: If the defendant advertises, solicits or sells its products in the forum state it then has or can anticipate some direct benefit from the sale, trade, use or servicing of its products in the forum state. It is then subject to *in personam* jurisdiction.

13. 70 Wash.2d 875, 889, 425 P.2d 647, 656 (1967).

14. See McGee v. International Life, footnote 5 above, 355 U.S. at 223–224, 78 S.Ct. 199.

tious or by breach of warranty,"[15] in accordance with the authorities cited, and our discussion herein, a plaintiff must nevertheless show that the defendant, by himself or agent, engaged in some substantial activity which constitutes a purposeful minimum contact with this state upon which to predicate jurisdiction of our courts. Upon the basis of what has been said herein, we see no reason to disagree with the determination of the district court that the plaintiff has not so demonstrated here. [All emphasis herein added.]

Affirmed. Costs to defendant (respondent).

CALLISTER, C. J., and HENRIOD, ELLETT and TUCKETT, JJ., concur.

---

15. Sec. 78–27–24(3), see footnote 3 above.