Norma KOCHA, Plaintiff,

v.

GIBSON PRODUCTS COMPANY, a Utah Corporation, and Maytex Manufacturing Company, a Texas Corporation, Defendants.

MAYTEX MANUFACTURING COMPANY, a Texas Corporation, Third-Party Plaintiff and Appellant,

v.

UNIVERSAL CARRIER COMPANY, a corporation, Third-Party Defendant and Respondent.

No. 13887.

Supreme Court of Utah.

May 5, 1975.

David E. West and C. Reed Brown, of Armstrong, Rawlings, West & Schaerrer, Salt Lake City, for appellant.

Tim Dalton Dunn, Salt Lake City, for respondent.

TUCKETT, Justice:

Defendant Maytex filed a third-party complaint naming Universal Carrier Company, defendant. Summons was served on Universal in the state of Texas. Universal appeared specially and moved for a dismissal of the third-party complaint on the grounds that the court lacked jurisdiction over the third-party defendant. The court below granted the motion to dismiss and Maytex appealed.

The plaintiff, Norma Kocha, initiated these proceedings in the District Court of Salt Lake County seeking to recover for personal injuries suffered on April 4, 1974. The plaintiff, while a business invitee in the store operated by Gibson Products Company at Murray, Utah, was injured by a wire merchandise rack. Gibson Products Company and Maytex were named defendants in the action. Maytex filed its third-party complaint alleging that the wire merchandise rack which produced the injury was designed and manufactured by Universal and sold to Maytex. Maytex claimed that if the plaintiff is successful in recovering against Maytex that Universal would be liable to Maytex for the full amount of any judgment recovered by the plaintiff.

In support of Universal's motion to dismiss, Universal filed an affidavit by its chairman of the board which alleged that at all times pertinent Universal Carrier

Company was a Texas corporation, which was not licensed to do business in the state of Utah, and which in fact does not sell its products to any buyers within the state of Utah. No responsive affidavit was filed by Maytex. Universal was served with process in Texas pursuant to Section 78–27–24, known as the "Utah Long Arm Statute," pertinent provisions of which are as follows:

> Any person, notwithstanding section 16–10–102, whether or not a citizen or resident of this state, who in person or through an agent does any of the following enumerated acts, submits himself, and if an individual, his personal representative, to the jurisdiction of the courts of this state as to any claim arising from:
>
> *   *   *   *   *   *
>
> (3) The causing of any injury within this state whether tortious or by breach of warranty; . . .

The facts are uncontroverted that Universal Carrier Company has its principal place of business in the state of Texas and that it is not authorized to do business in the state of Utah, nor does it sell its products to any business within the state of Utah.

There is nothing in the record to show that the display rack was negligently manufactured or whether a defect existed at the time it left Universal's hands. The defect may have been caused by faulty installation or use. The record fails to show a causal connection between the plaintiff's injury and any act or omission on the part of Universal Carrier. There is no showing of "significant minimal contacts" in this State which would satisfy the due process clause of the federal constitution[1] nor "transaction of business within this state" as defined by Section 78–27–23, U.C.A. 1953.[2]

The decision of the court below is affirmed. Respondent is entitled to costs.

HENRIOD, C. J., and ELLETT, CROCKETT and MAUGHAN, JJ., concur.

---

1. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95.

2. See also Pellegrini v. Sachs and Sons, Utah, 522 P.2d 704; Hydroswift Corp. v. Louie's Boats & Motors, Inc., 27 Utah 2d 233, 494 P.2d 532.