STATE of Utah, By the UTAH
SECURITIES COMMISSION,
Plaintiff and Appellant,

v.

CURTISS–WRIGHT CORPORATION, a
Delaware Corporation, Defendant
and Respondent.

No. 15762.

Supreme Court of Utah.

April 6, 1978.

Robert B. Hansen, Atty. Gen., James L. Barker, Jr., Deputy Utah State Atty., Keith E. Taylor, Salt Lake City, for plaintiff and appellant.

Mitchell Melich, Thomas A. Quinn and James W. Freed of Ray, Quinney & Nebeker, Salt Lake City, for defendant and respondent.

PER CURIAM:

Plaintiff Utah Securities Commission initiated this action in the district court to compel defendant Curtiss-Wright Corp., a Delaware corporation, to comply with U.C. A.1953, Sections 61–4–1 et seq., as enacted in S.L.U.1976, Ch. 30, Sections 1–15 [1] in connection with the defendant's purchase in New York of 3,287,400 shares, amounting to about 10 percent of the stock of Kennecott Corp., a New York corporation. The purchases were made on the open market at stock exchanges in New York and Chicago.

The defendant made a special appearance and moved to dismiss on the ground that the court was without jurisdiction. On the basis of the pleadings, affidavits and evidence adduced at a hearing, the court made its memorandum decision reciting its findings and granting defendant's motion. Plaintiff appealed.

The facts as averred and relied on by plaintiff are that defendant has conceived and put in operation a plan to purchase stock in Kennecott and by soliciting and acquiring proxies from other stockholders, to take over control of the operation of the Kennecott Copper mining operations in Salt Lake County, Utah. It further contends that Kennecott is the largest private employer in Utah, and that its management and operation may be so controlled as to have a serious and detrimental effect upon the economy of this state. Defendant denies that its plan contemplates or will result in any such adverse effects on either the operations of Kennecott or the economy of this state.

Plaintiff's argument is that even though the defendant's acts are concededly entirely without this state, the fact that they will have the above-stated impact within the

---

1. This requires that where a corporation which has either $25,000,000 or more in assets, or 500 or more employees in Utah, any proposer to purchase 5 percent or more of its stock must give 20 days advance notice to the Utah Securities Commission.

state is sufficient to satisfy the "minimal contacts" test and render the defendant subject to the jurisdiction of our courts.[2]

There are two difficulties with the position thus essayed by plaintiff: first, the projection and the carrying out of such a plan and the alleged adverse effect upon the economy of Utah is yet in the realm of apprehension; and second, on the basis of the evidence and the record the trial court was justified in its finding that the defendant did not have sufficient "minimum contacts" within this state to render it subject to the jurisdiction of our courts either under U.C.A., 78–27–22, et seq. (the long-arm statute) or Sec. 61–4–1, et seq., by reason of

the limitations imposed by the due process clauses of the Utah State Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.[3]

Affirmed. Because of the fact that the defendant is in no position to ask the courts of this state for other affirmative relief, no costs are awarded.

2. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283; *Hydroswift Corp. v. Louie's Boats and Motors, Inc.,* 27 Utah 2d 233, 494 P.2d 532.

3. We so state in awareness of *Leasco Data Processing Eq. Corp. v. Maxwell,* 468 F.2d 1326 (2d Cir. 1972) relied on by plaintiff. But see, *Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683.